UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:09CV-P81-M

MATTHEW D. CRAWLEY                                          PLAINTIFF

v.

DAVIESS COUNTY DETENTION CENTER *et al.*                    DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Matthew D. Crawley filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.

This matter is before the Court for *sua sponte* screening of the complaint pursuant to 28 U.S.C.

§ 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons that

follow, the Court will dismiss the action.

### I.  SUMMARY OF CLAIMS

Plaintiff is a prisoner currently incarcerated at the Daviess County Detention Center

("DCDC").  He files suit against the DCDC and David Osbourn, the Jailer of the DCDC, in his

official capacity.  In the complaint, Plaintiff alleges the following:

> I was eating lunch when I looked down & saw a maggot (Insect
> Larva) in my food.  I emediatly spit what food was in my mouth
> out & examined it.  I found I also had a maggot in my mouth.  I
> belive this violated my rights in that everyone has the right to be
> treated humanly.

Plaintiff further alleges that after he found the maggot he gave it to the guard who acted as if

Plaintiff would not get a replacement tray.  Plaintiff reports that he did, however, receive a

replacement tray.  Plaintiff also states that he wanted to keep the maggot for evidence but that

the guard demanded that he give it to him.  Plaintiff also asked if they would photograph the

maggot for evidence, but the guard said no.  Plaintiff seeks unspecified damages and an apology

by the DCDC.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as

frivolous where it is based on an indisputably meritless legal theory or where the factual

contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view

the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual

allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009)

(citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the

district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488

(quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

2

'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.  ANALYSIS

### A.  <u>Daviess County Detention Center</u>

Plaintiff sues the DCDC. However, the DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983. In this situation, it is Daviess County that is the proper defendant. *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Daviess County is a

"person" for purposes of § 1983.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).  The

Court will therefore construe the claim against the DCDC as brought against Daviess County.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct

issues:  (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so,

whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights*,

*Tex.*, 503 U.S. 115, 120 (1992).  The Court will first address the second issue, *i.e.*, whether the

municipality is responsible for the alleged constitutional violation.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in

other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."

*Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v.*

*City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is

designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and

thereby make clear that municipal liability is limited to action for which the municipality is

actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting

*Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is

a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889

(6th Cir. 1993).  Simply stated, the plaintiff must "identify the policy, connect the policy to the

city itself and show that the particular injury was incurred because of the execution of that

policy."  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan*

*v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v.*

*Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving

force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that the plaintiff must demonstrate "deliberate conduct").

In the instant case, Plaintiff alleges that he found a maggot in the food served to him at the DCDC. Plaintiff does not allege that a governmental policy or custom existed that caused his alleged harm. The incident alleged in Plaintiff's complaint appears to be an isolated occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that the event alleged in the complaint occurred as a result of a policy or custom implemented or endorsed by Daviess County, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against it. Thus, Plaintiff's claim against the DCDC will be dismissed.

**B.     David Osbourn**

Plaintiff also sues David Osbourn in his official capacity. The official-capacity claim against Defendant Osbourn is actually a claim against his employer, Daviess County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). However, the official-capacity claim fails for the same reason as the claim against the DCDC fails. That is, Plaintiff does not assert that the event alleged in the complaint was the result of a municipal policy or custom implemented or endorsed by Daviess County. *See Deaton*, 989 F.2d at 889. Therefore, Plaintiff fails to state cognizable official-capacity claim against Defendant Osbourn, and such claim will be dismissed.

5

Even if Plaintiff had sued Defendant Osbourn in his individual capacity, however, his § 1983 claim would still fail.  To state a constitutional violation for unsanitary food preparation, a prisoner must do more than allege a single or isolated incident of contamination.  *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985).  "The fact that the [prison] food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."  *Smith v. Younger*, No. 95-5482, 1999 U.S. App. LEXIS 20168, *6-7 (6th Cir. Aug. 9, 1999) (affirming district court's dismissal of plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter).  In this case, Plaintiff alleges a single incident when his food contained maggots.  He does not allege that his food is regularly infested with maggots.  Therefore, the allegations do not rise to the level of a constitutional violation, and any individual-capacity claim would fail to state a claim upon which relief may granted.

A separate order of dismissal will be entered consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        Daviess County Attorney
4414.010